PIERCE v. HUDSPETH, Warden.

No. 2417.

Circuit Court of Appeals, Tenth Circuit.
March 6, 1942.

Mark H. Adams, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying a writ of habeas corpus.

An indictment containing two counts charging violations of 18 U.S.C.A. § 320 was returned against James A. Pierce, hereinafter called petitioner, in the District Court of the United States for the Eastern District of Oklahoma. Petitioner was tried on the indictment on February 28, 1939. The jury returned a verdict of guilty on the second count and not guilty on the first count. On March 4, 1939, petitioner was sentenced to a term of imprisonment of 25 years in an institution of the penitentiary type to be designated by the Attorney General, and was committed to the custody of Hudspeth, Warden.

In his application for the writ, petitioner alleged that he employed J. N. Fortner, Esq., an attorney, to represent him at the trial on the indictment; that petitioner requested Fortner to challenge one of the jurors on the ground that he was unfriendly to petitioner; that Fortner refused; that petitioner conferred with two of his friends and concluded to obtain the services of other counsel, but failed to make the arrangement for other counsel; that at the time of the trial, petitioner was unaware that Fortner had theretofore been released from an asylum for the insane; that petitioner requested Fortner to recall a government witness, stating that such witness would give testimony showing petitioner's innocence; that Fortner failed to recall the witness; and that shortly after the trial, Fortner was returned to an asylum for the insane.

In the response, Hudspeth alleged that petitioner was capably and competently represented at the trial by two attorneys, W. E. Utterback and Fortner, and that Fortner was not insane at the time of the trial. The docket entries of the trial show that both Fortner and Utterback entered their appearance as counsel for petitioner.

At the hearing on the application for the writ, petitioner appeared in person and by counsel. Petitioner testified that he employed Fortner to represent him at the trial on the indictment; that Fortner was committed to an insane asylum at Vinita, Oklahoma, one year after the trial; that he had no knowledge as to whether Fortner had theretofore been committed to an insane asylum; that he requested Fortner to challenge one of the jurors and that Fortner refused, stating that the juror was his friend; that Utterback cross-examined the government witnesses and presented petitioner's defense; that both Fortner and Utterback argued the case to the jury; that during the trial petitioner requested Fortner to recall Mack Shimpock, a government witness, and while he was endeavoring to induce Fortner so to do, Utterback announced that petitioner rested; that during the noon hour, he endeavored through friends to secure the services of another attorney but that they were unable to raise funds to pay the attorney. Petitioner further testified that four witnesses were offered in behalf of the government and fifteen witnesses in his behalf.

Petitioner did not testify and there is nothing to show that during the trial on the indictment, he advised the court that Fortner was not properly representing him, or requested the court to give him an opportunity to secure other counsel.

The trial court found that petitioner was represented throughout the trial by Fortner and Utterback, competent counsel of his own choosing, and that petitioner was not denied the right to the assistance of counsel for his defense.

Mr. Utterback is an attorney of long experience, ability, and high standing at the bar. It is difficult for us to believe that he would have undertaken to represent petitioner at the trial without petitioner's consent. Furthermore, there is no showing that petitioner objected to Utterback's representation or in anywise called the matter to the court's attention. The record further shows that after petitioner was in custody at Leavenworth, Kansas, he wrote a letter to Utterback requesting him to further represent him in the matter.

The only basis for the assertion that Fortner was incompetent was his refusal to challenge a juror and his failure to recall a government witness. As to those matters a competent counsel might well have disagreed with his client, and for aught that here appears Fortner may have acted wisely. Clearly, there is no showing that Utterback's representation was not competent. The fact that Fortner was committed to an asylum one year subse-

quent to the trial is no proof that he was incompetent at the time of the trial.

We conclude that the evidence supports the findings of the trial court and the judgment is affirmed.