**BECKETT v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.**

**No. 2547.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 24, 1942.

Charles A. Murdock, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from an order of the United States Court for Kansas denying a petition for a writ of habeas corpus. An indictment containing nineteen counts was returned in the United States Court for Southern Indiana against Ethel Pitt Donnell, Edward J. Hartenfeld, John K. Knapp, and petitioner. Ethel Pitt Donnell entered a plea of guilty; Edward J. Hartenfeld was found guilty, and on appeal the judgment was affirmed, United States v. Hartenfeld, 7 Cir., 113 F.2d 359, certiorari denied 311 U.S. 647, 61 S.Ct. 30, 85 L.Ed. 413, and John K. Knapp was acquitted. Petitioner entered a plea of guilty on all counts and was sentenced to confinement in the penitentiary for a period of eight years and to pay a fine of twenty-five hundred dollars. Commitment issued, petitioner was placed in confinement in the penitentiary at Leavenworth, Kansas, and by this proceeding in habeas corpus he seeks his discharge.

Petitioner challenges the legal sufficiency of the indictment returned in the court in Indiana. Counts one to eighteen inclusive each charged the formation of a scheme to defraud a large number of named persons and a separate and distinct use of the mails in furtherance of such scheme; and count nineteen charged a conspiracy to devise such scheme to defraud and the use of the mails in furtherance of it, and the commission of certain overt acts in pursuance of such conspiracy. It would not serve any useful purpose to detail at length the extended allegations of the indictment. It suffices to say that it was drawn with care and skill and each count clearly charged an offense.

Next, petitioner contends that he was deprived in the criminal case of his right to the effective assistance of counsel, in that the attorney appointed to represent him lacked experience in criminal cases; that the presiding judge was prejudiced against petitioner; that due to the large amount of civil business which the firm of which the attorney was a member had before the judge, the attorney was not free to represent petitioner to the best of his ability; that the attorney wrongfully advised him to plead guilty; that he pleaded guilty in pursuance of such advice; and that he was coerced in entering the plea. Petitioner was arraigned about a week after the return of the indictment. At that time the court informed him that he was entitled to an attorney and that one would be supplied by the court or an opportunity given him to employ one, to which he replied that he did not desire an attorney and thereupon entered a plea of not guilty. More than three months later he again appeared before the court and stated that he was without means to employ counsel, and the attorney was thereupon appointed. The attorney was about thirty-eight years of age, had acquired his preparatory education at the University of Indiana, had finished in law at Leland Stanford University, had been actively engaged in the practice of law for about thirteen years, and was a member of one of the large firms in the City of Indianapolis. About a month after the appointment, petitioner appeared in court accompanied by the attorney, withdrew his former plea, and entered a plea of guilty. Acting through an attorney of his own choice, petitioner filed a verified motion to vacate the judgment and permit the withdrawal of the plea of guilty. The court heard evidence in connection with the motion, and then made findings of fact and conclusions of law. It was found that after the appointment of the attorney and before the entry of the plea of guilty, petitioner and the attorney held three conferences respecting the indictment, the evidence, and the rights of petitioner; that petitioner informed the attorney that he was guilty and desired to withdraw his former plea and enter a plea of guilty; that his decision to enter such a plea was without inducement or persuasion, was entered after he had been fully advised by the attorney of his rights and of the consequences, with full knowledge of the charges contained in the indictment and the evidence in support thereof, with full knowledge of his rights in the premises, and not the consequence of any prom-

ise of leniency or reward. These findings were submitted to the court in Kansas, and that court made like findings in denying the petition for the writ. The Sixth Amendment guarantees to one charged with an offense against the laws of the United States the assistance of counsel in his defense, and that means effective assistance as distinguished from bad faith, sham, mere pretense, or want of opportunity for conference and preparation. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Thomas v. District of Columbia, 67 App.D.C. 179, 90 F.2d 424.

But the judgment and sentence in a criminal case bears the presumption of validity; it is not to be lightly set aside on collateral attack in a habeas corpus proceeding on the ground that the accused was wrongfully denied the effective assistance of counsel; and it can be set aside only where the petitioner discharges the heavy burden of showing affirmatively that he was denied such assistance. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461.

Here petitioner admits the appointment of counsel, admits the three conferences with his counsel, and admits the entry of the plea of guilty. He relies exclusively upon his own uncorroborated testimony with respect to the failure of the attorney to represent him in good faith and to the best of his ability. The court in Indiana knew the attorney and had personal knowledge of his legal ability and professional standing. Moreover, that court heard evidence and made findings of fact, and the findings were made a part of the record in the court in Kansas. The court in Kansas in effect found against petitioner with respect to the failure of the attorney to represent him effectively within the meaning of the Sixth Amendment, and with respect to the plea being entered as the result of ineffective representation or coercion. The findings are supported by substantial evidence, and they must therefore stand on appeal.

The remaining contention is that the court below failed to satisfy the right of petitioner to a hearing on the petition for the writ. Where substantial questions of fact are presented in a proceeding of this kind, the court is required to hold a hearing at which an opportunity is afforded for the submission of evidence and argument. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. Here, about ten days after the filing of the petition, a hearing was had before the court. Petitioner was present in person and by an attorney previously appointed by the court to represent him. Both parties announced ready for the hearing, and petitioner testified fully and at length concerning the proceedings had in Indiana. His testimony covered every issue raised in the petition for the writ. The return of the warden to the petition had not been filed at the time of the hearing. But attention was expressly called to that fact, it was stated that the return would be filed as soon as the necessary certified copies of the indictment, judgment and sentence, findings, and other documents or papers in the criminal case could be obtained; and no objection or exception was interposed or taken. Indeed it was not indicated even indirectly that the holding of the hearing in advance of the filing of the return was unsatisfactory. Petitioner indicated in the course of the hearing that he desired a copy of the indictment and a copy of the findings of fact made by the court in Indiana; they later came into the record as a part of the return of the warden; and they were before the court at the time of the denial of the petition. Petitioner also inquired in the course of the hearing whether the attorney who had represented him in the criminal case and the clerk of the court in Indiana would be subpoenaed as witnesses in the proceeding in Kansas. The court replied that they would not be subpoenaed but that their depositions could be taken. However, no steps were taken to secure the depositions, and the record fails to indicate that the submission of an argument was desired. Thus it is plain that a hearing was had at which petitioner was given the opportunity to submit all available evidence relating to the issues of fact tendered in his petition for the writ, and he was not denied the right to submit an argument.

The order denying the petition for the writ is affirmed.