**CRUM v. HUNTER, Warden.**

**No. 3154.**

Circuit Court of Appeals, Tenth Circuit.

Sept. 4, 1945.

Rehearing Denied Nov. 15, 1945.

Submitted on brief, for appellant.

Eugene Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., and Lester Luther, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for Appellee.

Before MURRAH, Circuit Judge, and RICE and SAVAGE, District Judges.

MURRAH, Circuit Judge.

Petitioner instituted this proceedings in habeas corpus to invalidate a sentence of twenty-five years, imposed by the United States District Court for the District of Oregon, for violation of 12 U.S.C.A. §§ 588b and 588c (bank robbery and kidnapping) and 18 U.S.C.A. § 88 (conspiracy). As grounds for release, petitioner alleges that he was deprived of his constitutional right to the effective assistance of counsel, in that his appointed counsel and officers of the law threatened and coerced him into entering a plea of guilty to the indictment; that counsel was not present in the court room when his plea was entered, and that since he was charged with a capital offense he was entitled to more than one counsel for his defense under Section 563, 18 U.S.C.A.

At an appropriate hearing on the writ, petitioner narrated the following facts: He was arrested and placed in the county jail at Portland, Oregon, where he was beaten by the jailor with a "large black hose" in an attempt to make him confess his guilt, but when he refused to do so he was taken before the court for arraignment in a "very short time" and entered a plea of not guilty. He did not have counsel at the time of arraignment but the next day an attorney appointed by the court came to the jail to confer with him. He told counsel he had been beaten and requested medical care, which counsel said "he would see about". That counsel told him "I really don't feel myself capable of defending this serious a charge because I have studied for corporation law principally and I don't believe I could fairly represent you" but "I will do my best". His counsel returned to the jail a day or two later and advised him he would not be able to try the case and urged a plea of guilty. He asked counsel to wire his family or obtain a continuance of his case until he could communicate with them, but was told that the court would not allow it. Counsel stated that he knew the Judge "very well" and if petitioner would enter a plea of guilty to the first count "he would make a nice talk in court for me." The morning before the trial, counsel came to the jail and stated that he had talked with

the District Attorney who had convinced him that the co-defendants, who had entered pleas of guilty and received life sentences, "were going to turn Government evidence in the case and that it would be impossible for him to win the case under those circumstances." That on the same day, counsel and an F. B. I. agent talked to the co-defendants at the jail, where he could see them through a glass partition, and the F. B. I. agent came over and told him the co-defendants were going to testify for the Government. Counsel again told him it was impossible for him to try the case and if he would enter a plea of guilty "he would fix it" so he could plead guilty to the first count only. On the following day counsel called and assured him that "everything was all right" and he appeared in court without counsel and entered a plea of guilty.

Before filing his petition for the writ, petitioner prepared and submitted an affidavit to the attorney who had been appointed by the sentencing court to represent him, which counsel refused to sign, but wrote petitioner a letter stating: "I cannot conscientiously sign the affidavit in the form submitted because it does not coincide with my recollection in several important particulars. I do not know what use you intend to make of an affidavit from me and hesitate to submit one without knowing, for the reason that I would not intentionally want to do your cause more damage than good. * * * I was appointed by Judge Fee to represent you after you had entered a plea of not guilty * * *. After hearing your statement to me of the facts and circumstances, I told you frankly that I did not believe the statement * * *. I pointed out several discrepancies in your story [and] then strongly recommended that you plead guilty, stating that in my opinion if you did not do so you would be convicted with much less chance for leniency than if you pleaded guilty * * *. I informed you that the District Attorney had told me the other two defendants would testify against you. I finally prevailed upon the court to permit me to interview these defendants in company with a representative of the Bureau of Investigation. If I remember correctly you were present at that time and heard at least one or possibly both of the defendants tell about your participation in the crime. * * * You finally consented to enter a plea of guilty * * [and] received a sentence of 25 years

* * *. I recall that you expressed yourself as being very happy with the result of the case * * *. It is entirely possible that you had suffered some injury in connection with the matter but I do not recall that you were in a weakened condition at the time I saw you or that your faculties at the time * * * were in any way impaired. * * * I cannot conscientiously say that you did not have counsel * * * I gave you the best counsel that you, under the circumstances, could have received." This letter was attached to the petition for the writ and treated as a part of the record. According to the minutes of the Court Clerk, petitioner appeared in open court, represented by designated counsel, changed his plea of not guilty and entered a plea of guilty to the charges in the indictment, whereupon the sentencing court deferred sentence until the next day.

From these facts the trial court found that petitioner was "ably represented" by experienced and competent counsel "who gave him the benefit of his best judgment in the matter" and that petitioner was not coerced into entering his plea of guilty; that petitioner did not request the appointment of two counsel to represent him, thereby "knowingly and intentionally" waiving the rights granted by 18 U.S.C.A. § 563. The court further found that it was unnecessary to determine whether petitioner was abused and physically mistreated by officers in whose custody he found himself "because even if such abuse occurred—and there is no evidence, other than the uncorroborated statement of petitioner—it occurred nine days before he entered his plea of guilty upon advice of counsel", and he did not complain of such treatment to counsel or the court. The trial court concluded that petitioner had failed to sustain the allegations of his petition and dismissed the writ.

Certainly one charged with crime is not deprived of his constitutional right to the effective assistance of counsel merely because the counsel assigned to him by the court, after an investigation of the facts, advised or even urged him to plead guilty to the charge.

18 U.S.C.A. § 563 provides that every person indicted for a capital offense shall be allowed to make his full defense by counsel learned in the law, and the court before which he is tried shall "upon his request, assign to him such counsel, not exceeding two, as he may desire, and they

shall have free access to him at all seasonable hours." There is nothing in the record to indicate that petitioner requested more than one counsel for his defense, and he clearly has no statutory right to more than one counsel except "upon his request" therefor, nor has he a constitutional right to more than one counsel unless it appears that they are essential to his effective defense. The holding of the trial court to the effect that petitioner was "ably represented" by counsel is amply supported by the evidence and it follows that the judgment should be and is affirmed.