No appearance for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

## SHEPHERD v. HUNTER, Warden.

### No. 3531.

Circuit Court of Appeals, Tenth Circuit.
Oct. 3, 1947.

MURRAH, Circuit Judge.

In April 1945, petitioner was taken from the Federal Penitentiary at Leavenworth, Kansas, where he was serving a three-year sentence imposed in the United States District Court of New Hampshire, to answer to an indictment returned in the United States District Court of Nebraska, charging violations of 18 U.S.C.A. § 76, (falsely pretending to be a United States Officer) and 10 U.S.C.A. § 1393 (unlawful wearing of United States Naval Uniform). Appearing before the Nebraska court in person and represented by appointed coun-

sel, petitioner entered a plea of guilty to both counts in the indictment and was sentenced for a period of 18 months on count one and 6 months on count two, to run concurrently, or a total sentence of 18 months, to commence on the termination of the three year New Hampshire sentence, which he was then serving.

By this habeas corpus proceedings petitioner seeks his release on the grounds: (1) He was deprived of the effective assistance of counsel, in that the attorney appointed by the court was incompetent and "unfaithful to his cause"; (2) that the Nebraska judgment deprives him of the statutory computation of good time, to which he is entitled under the New Hampshire judgment, and is therefore void; and (3) "perjury in the indictment" and "suppressed evidence."

Petitioner's allegation that he was not effectively represented by counsel appears to be based upon his own view that the attorney was incompetent, and on the further ground that the attorney advised him to enter a plea of guilty to the indictment. He offered no testimony other than his own to support this allegation. By affidavit, his counsel testified that when he was appointed by the court to represent petitioner, he obtained a copy of the indictment, examined the same; ascertained the circumstances of his arrest, and studied the evidence upon which the Government would seek his conviction. That he thereafter had a conference with petitioner and went over the case with him, explained the charges made and the nature of the crime. He stated that he explained the difference between a plea of guilty and one of not guilty, advising him that upon a plea of guilty he would be admitting the charges in the indictment, and that if he pleaded not guilty he would be entitled to a jury trial. That he told petitioner if he decided to enter a plea of not guilty he would use his best efforts to secure an acquittal without the necessity of his paying any attorney's fee, but further advised him that if he were guilty of the charges, it was his advice that he enter such a plea.

"Certainly one charged with crime is not deprived of his constitutional right to the effective assistance of counsel merely because the counsel assigned to him by the court, after an investigation of the facts, advised or even urged him to plead guilty to the charge." Crum v. Hunter, 10 Cir., 151 F.2d 359, 360. The court's finding that petitioner was not deprived of his constitutional right to the assistance of counsel is amply supported by the evidence.

It is not plain from the record when, according to the Warden's computations, petitioner commenced service of the second sentence, or when under his computations he will be eligible for release. The trial court found, however, that giving petitioner credit for all statutory good time earned and allowed, he became eligible for conditional release under the New Hampshire judgment on February 7, 1947, at which time the 18 months sentence imposed in the Nebraska court commenced by operation of law. The court further found that giving petitioner credit for all statutory good time, he would be entitled to conditional release under the Nebraska judgment on May 19, 1948, and that the full term would expire April 17, 1949.

It is thus plain that under the trial court's computation the Nebraska judgment does not deprive petitioner of credit for any statutory good time. Furthermore, petitioner is not presently entitled to release from the judgment under his own computation, and he does not so contend. Not being presently entitled to release, habeas corpus is not available to determine prospectively when he will be entitled to release under the applicable statutes. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; McMahan v. Hunter, 10 Cir., 150 F.2d 498, certiorari denied McMahan v. Johnston, 326 U.S. 783, 66 S.Ct. 332, 90 L.Ed. 475; Macomber v. Hudspeth, 10 Cir., 115 F.2d 114; Kelly v. Aderhold, 10 Cir., 112 F.2d 118; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42.

Petitioner's contentions as to "perjury in the indictment" and "suppressed evidence," were presented to the Nebraska sentencing court in a motion to vacate the judgment. The motion was overruled and is now pending on appeal to the 8th Cir-

cuit Court of Appeals. These contentions do not go to the jurisdiction of the sentencing court, are not proper subjects of habeas corpus proceedings, and cannot, therefore, be relitigated here.

Petitioner complains of mistreatment by prison authorities. But, it is not within the province of the courts to superintend the treatment of prisoners in the penitentiary, but only to deliver from prison those who are illegally detained there. Platek v. Aderhold, 5 Cir., 73 F.2d 173; Sarshik v. Sanford, 5 Cir., 142 F.2d 676.

The judgment denying the writ is affirmed.