## MOSS v. HUNTER.
### No. 3636.

Circuit Court of Appeals, Tenth Circuit.
April 26, 1948.

Writ of Certiorari Denied June 21, 1948.
See 68 S.Ct. 1519.

Robert Swanson, of Denver, Colo., for appellant.

Eugene Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Petitioner was indicted in the United States District Court for the Eastern District of Oklahoma for robbery of a federally insured bank in violation of 12 U.S.C.A. § 588b. Upon a plea of guilty to each of the two counts in the indictment, he was sentenced to a term of fifteen years on count one and ten years on count two to run concurrently, or a total of fifteen years.

After entering upon the service of his sentence, petitioner brought this habeas corpus proceedings in the United States District Court of Kansas, alleging fourteen grounds for his release. At the hearing, the trial court explained to petitioner's apparent satisfaction that many of the alleged grounds were not cognizable in habeas corpus. As to the remainder of the allegations the trial court was of the opinion that they were without merit and denied the writ.

The questions preserved on appeal are: (1) was petitioner deprived of the effective assistance of counsel; and, (2) was he mentally competent to enter his plea of guilty.

Petitioner appeared before the sentencing court represented by counsel employed by his wife. At that time the court advised all the defendants of their right to the assistance of counsel and stated that if they so desired, he would appoint counsel for their defense. Petitioner did not then, or at any other time, express dissatisfaction with his attorney and the record discloses that his counsel assisted him throughout the proceedings, conferring with him before his plea was entered and making a statement in his behalf before sentence was imposed. In sum, petitioner's complaint that he did not have adequate representation is based on his present belief that he was not competently and skillfully represented. But, one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness. See Ex parte Haumesch, 9 Cir., 82 F.2d 558; Crum v. Hunter, 10 Cir., 151 F.2d 359; Shepherd v. Hunter, 10 Cir., 163 F.2d 872. Cf. Pierce v. Hudspeth, 10 Cir., 126 F.2d 337; Tompsett v. State of Ohio. 6 Cir., 146 F.2d 95.

Testifying in support of his allegation that he was mentally incompetent when his plea of guilty was entered, petitioner stated that at the time sentence was imposed he was "emotionally unstable" and was on parole from a California court as a "mentally ill person". He also stated that after the offense was committed and before sentence was imposed he was examined by authorities of the Oklahoma Hospital for insane at Vinita, Oklahoma. He offered in evidence a copy of a letter from the institution addressed to the United States Attorney, in which the medical superintendent stated "I find this man emotionally unstable. I am sure that he has been all of his life, but do not find any evidence of him being insane and I feel that he knows right from wrong and knows the consequences of his acts. * * *".

In commenting upon the proper test to be applied in such cases, the trial court made specific reference to our recent decision in Brewer v. Hunter, 10 Cir., 163 F.2d 341, 342, wherein we spoke of the so-called "right and wrong" test as applicable to an accused's mental capacity at the time of trial and sentence. It is suggested in that connection that the ability to distinguish between right and wrong is not the proper test in determining whether an accused can be lawfully tried or pun-

ished for his criminal acts. It is rightly said that the applicable test in these circumstances is whether an accused has the mental capacity to comprehend his own condition with reference to the accusation pending against him and is capable of rationally conducting his defense. The rule is based upon the humane concept that one mentally capable of committing an offense may nevertheless become incapable of providing a defense to the charge because he does not have the mental capacity to comprehend or understand the nature of the charges and the object of the proceedings against him. In other words, one who is mentally absent cannot be put to trial for crime. See Ashley v. Pescor, 8 Cir., 147 F.2d 318; People v. Perry, 14 Cal.2d 387, 94 P.2d 559, 124 A.L.R. 1123; People v. Vester, 135 Cal.App. 223, 26 P. 2d 685.

In the Brewer case we recognized the test of one's responsibility for a criminal act as whether he was capable of distinguishing between right and wrong at the time the act was committed, but that test, although abstractly correct, had no application to the question before us in that case. Indeed, the trial court's judgment was based upon the specific finding that the petitioner there realized the nature of the charge against him and the necessity of making a defense thereto. (10 Cir., 163 F.2d 341, 343). We hasten to concede that the right and wrong test had no controlling application to the facts in the Brewer case, nor does it have application here.

■ But, even so, our aberration cannot avail the petitioner here. He testified in the habeas corpus proceedings that when he was brought before the sentencing court for arraignment he was under the impression that he was charged with a conspiracy, but when the indictment was read he discovered that it charged bank robbery; that when he learned the nature of the charge he refused to plead, stating to the court that he was not familiar with the indictment; that the court thereupon advised him to confer with his counsel and that he did so, after which he entered a plea of guilty and sentence was imposed.

From this and other evidence, the trial court concluded that the sentencing court had inquired into the petitioner's mental capacity and had determined that he knew where he was and the nature of the charge made against him. It is thus manifest that the trial court applied the correct test and its findings thereon are supported in the record.

The judgment is affirmed.