**LOSIEAU v. UNITED STATES.**

No. 13942.

United States Court of Appeals
Eighth Circuit.

Nov. 25, 1949.

Frederick W. Lehmann, St. Louis, Mo. (Lehmann & Allen, St. Louis, Mo., on the brief), for appellant.

Franklin E. Gill, Assistant United States Attorney, Sioux City, Iowa (Tobias E. Diamond, United States Attorney, Sioux City, Iowa, on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This is an appeal in forma pauperis from an order denying appellant's motion to vacate a judgment and sentence whereby, on his plea of guilty, he was sentenced to a term of five years imprisonment upon each of nine counts of an indictment, to run concurrently.

The indictment was in ten counts and was returned on September 7, 1948, by a grand jury in the Northern District of Iowa.

Counts I and II charged the passing of certain United States postal money orders upon which there was a forged material signature, and Counts III to VIII charged the forgery of material signatures upon certain postal money order blanks, all in violation of Section 347 [now § 500], Title 18 U.S.C.A. Count IX charged possession with intent to utter and publish as true, for the purpose of defrauding the United States, certain postal money order blanks, each bearing forged signatures, in violation of Section 72 [now § 494], Title 18 U.S.C.A., and Count X charged possession with intent to convert 179 United States postal money order blanks, property of the United States, theretofore stolen, in violation of Section 101 [now § 641], Title 18 U.S.C.A. Count IV was later dismissed.

The case came on for hearing on September 16, 1948, before Judge Henry N. Graven, District Judge. Mr. William B. Danforth, Assistant United States Attorney, represented the Government, and Mr. William Sandoe Jordan represented appellant, who was present before the court. The following proceedings took place:

"Mr. Danforth: This is the case of United States of America vs. Robert William Losieau.

"The Court: Is he represented by an attorney?

"Mr. Danforth: Yes, Mr. Losieau is represented by Mr. Jordan of Cedar Rapids.

"Mr. Jordan: Yes."

Interrogatories by Mr. Danforth:

Answers by defendant Robert William Losieau:

"Q. Your true name is Robert William Losieau? A. Yes.

"Q. You have received a copy of this indictment have you not? A. Yes.

"Q. The charges against you? A. Yes.

"Q. You understand what you are charged with? A. Yes.

"Q. Do you want the indictment read to you; is it necessary to have the indictment read to you?

"Mr. Jordan: I don't believe it is necessary.

"The Court: Mr. Losieau, do you want the indictment read to you?

"Mr. Losieau: No.

"The Court: How do you plead to the indictment, guilty or not guilty?

"Mr. Danforth: There are 10 counts.

"Mr. Jordan: If the Court please, the defendant pleads guilty to all Counts but Count 4, if I understood the defendant correctly.

"Mr. Losieau: Yes.

"Mr. Danforth: Is that your plea?

"Mr. Losieau: Yes.

"Mr. Danforth: You plead guilty to Counts 1, 2, 3, 5, 6, 7, 8, 9, and 10, is that right?

"Mr. Losieau: Yes.

"Mr. Danforth: Not guilty as to Count IV.

"Mr. Losieau: Yes.

"Mr. Danforth: The Government moves to dismiss Count IV.

"The Court: Count IV may be dismissed."

Mr. Danforth then made a statement to the Court which disclosed, among other things, that on the night of July 4, 1948, the United States Post Office at Bartlett, Iowa, was broken into and in addition to cash, about 1000 blank money order forms were stolen, together with the money order stamp and post-marking stamp; that on July 24, 1948, appellant and one Norman Jean Lindstrom, his codefendant, went to the Montgomery Ward Company store in Cedar Rapids, Iowa, where they purchased some merchandise and tendered a $50.00 Post Office money order in payment, purporting to be drawn by the Postmaster at Bartlett, Iowa, on the Postmaster at Cedar Rapids, Iowa; that the store manager noticed that the order bore the same serial number as one on a list of money order forms stolen at the Bartlett, Iowa, post office, and called the police who arrested appellant and his companion; that in the possession of appellant the police found four more, each filled out in like manner with appellant as payee, for $50.00; and in defendant's room in Cedar Rapids they found 200 blank mon-

ey order forms, some of them bearing the Bartlett, Iowa, stamp; that later 400 more of the stolen money order forms were found in defendant's room in Omaha, Nebraska; that subsequent investigation showed that appellant had passed another of the stolen money order blanks filled out for $50.00 in Cedar Rapids, Iowa; that appellant had passed elsewhere at least thirty more; that all passed or found in Cedar Rapids were endorsed by appellant as payee either in his own name or using a fictitious name; that appellant had received a total of approximately $1500.00 through the above unlawful transactions; that in 1935 appellant, under the name of Kracher, received a sentence of one year for operating an automobile without the consent of the owner; that in 1936 he received a sentence of two years for burglary; that in 1945 he received a sentence of three years for stealing an automobile. At the request of the Court, Mr. Danforth stated the maximum sentence that could be imposed in this case.

Mr. William Sandoe Jordan, counsel for appellant, then made a plea for leniency in which, among other things, he stated that he had been informed that appellant had made restitution of the money obtained; that the many crimes appellant had committed were committed when he was a youth; that he had never before had any difficulty with the Federal Government; and that some of the other persons involved in the money orders stolen at Bartlett, Iowa, had received sentences considerably lower than Mr. Danforth had informed the court could be imposed here.

Appellant then made an extended statement to the court in his own behalf, explaining the circumstances surrounding his previous convictions. He then told the court that he had made restitution for all the money orders cashed at Cedar Rapids and had given back all the merchandise obtained.

The court then said:

"The Court: I am sorry to see a man as young as you are already in so much difficulty. I don't like to see anybody get into difficulty, and especially a young man. In this case, the maximum penalty on the several Counts would be around fifty years, but it is all apparently pretty much connected with the one transaction.

"It is the judgment and sentence of the court that the defendant, Robert William Losieau, be imprisoned for a term of five years on each Count, but all to run concurrently. No fine. No costs. That will be all."

On December 27, 1948, appellant filed the present motion to vacate the judgment and sentence imposed on September 16, 1948, on the grounds that the judgment and sentence were void, that the defendant was represented by counsel other than his own choosing, who in turn was inadequate, and that the court was without jurisdiction to convict and sentence him because his plea of guilty was entered by his attorney and not by him, that one count of the indictment was dismissed without any reason being given therefor and that he was denied a fair trial.

On February 21-22, 1949, an extended hearing was had by the trial court on this motion at which appellant and other witnesses testified. He was represented by counsel appointed by the court at his request. The trial court made full and complete findings of fact and conclusions of law reviewing all the proceedings in the case from its inception. Appellant's motion to vacate was denied and this appeal followed.

Appellant contends here that the trial court erred in denying the motion because (1) at the proceedings before the United States Commissioner, when appellant was first arrested, he was not informed of his right against self-incrimination and that he need not give testimony against himself, and because at the time of his sentence he was not admonished by the court of the consequences of his plea of guilty, (2) at the time of his plea of guilty, he was not represented by effective counsel of his own choosing, (3) the plea of guilty was not entered by him personally, but was entered by his attorney, (4) evidence obtained by illegal search and seizure would not be admissible as evidence against him, and (5) there were contradictions in the testimony

922

presented by the Government at the hearing on the motion to vacate.

■ Appellant's contention that at the time he entered his plea of guilty he was not represented by effective counsel of his own choosing is without merit. This complaint was first made to the court on December 27, 1948, in the motion to vacate. He made no complaint in this respect to the court either before or at the time of sentence. The record shows that within a day or two after he was arrested appellant employed Mr. Carl F. Jordan, attorney at Cedar Rapids, Iowa, to represent him; that Mr. William Sandoe Jordan, his son, was engaged in the practice of law with him; that both of them are able and competent attorneys and consulted with appellant together and separately on a number of occasions about the case both before and after the indictment was returned and were entirely familiar with it; that on September 7, 1948, the trial court set the arraignment for September 29, 1948, at Cedar Rapids, Iowa, and appellant was so informed; that sometime prior to September 10, 1948, appellant informed Carl F. Jordan and William Sandoe Jordan that he wished to be taken to Waterloo, Iowa, and to enter a plea of guilty to the indictment there when the court opened on September 16, 1948; that this was appellant's own voluntary decision; that on September 10, 1948, appellant by formal application to the court requested that the court permit this; that appellant's application stated that he had been fully advised of the nature of the offenses with which he was charged and that he would plead guilty when the case was called for disposition at Waterloo, Iowa; that appellant was familiar with the fact that Carl F. Jordan had been ill and could reasonably be expected to have known that he might not be able to travel from Cedar Rapids to Waterloo to be present on September 16, 1948, as did later prove to be the case; that William Sandoe Jordan, his son, did go to Waterloo, and did ably, competently, and adequately represent appellant at the time of the sentence; that on September 16, 1948, William Sandoe Jordan conferred with appellant before his plea and informed him

that Carl F. Jordan could not be there on account of illness; that at no time did appellant intimate or suggest to William Sandoe Jordan that he did not desire or wish to have him appear for appellant at Waterloo; and that after appellant had begun serving his sentence, he sent two letters to Carl F. Jordan thanking him and his son for the services they had rendered and expressing his appreciation. The finding of the trial court that Carl F. Jordan and William Sandoe Jordan were able and competent lawyers; that they ably, competently, and loyally did all they honorably could in behalf of appellant; and that appellant's complaint that William Sandoe Jordan was not an attorney of his own choosing had no basis in fact, is amply supported by the evidence. The cases of Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, and Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, cited by appellant, involved very different situations and are not in point here on the facts, as is shown above.

In Merritt v. Hunter, 10 Cir., 170 F.2d 739, loc. cit. 741 the court, in an opinion by Judge Murrah, said: "There is nothing in the entire record, or petitioner's own testimony which tends to show that he did not receive effective assistance of counsel throughout the proceedings. Moreover, 'one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness.' Moss v. Hunter, 10 Cir., 167 F.2d 683, 684. See also Ex parte Haumesch, 9 Cir., 82 F.2d 558; Crum v. Hunter, 10 Cir., 151 F.2d 359; Shepherd v. Hunter, 10 Cir., 163 F.2d 872."

In Conley v. Cox, 8 Cir., 138 F.2d 786, 787, this court said: "The petition fails to show that the rights of the petitioner to have the advice and assistance of counsel were not fully protected. The Constitution does not guarantee that counsel appointed for, or employed by, a defendant shall measure up to his notions of ability or competency. It was enough that the

trial court appointed a qualified attorney to represent the petitioner, and that the attorney appeared, advised with, and represented him."

Also it may be noted further that, as shown by appellant's previous record of convictions, he was not without experience in court procedure. The trial court found that it was manifest that appellant, at his appearances before the court at the time of sentence, and at the hearing on the motion to vacate, was mentally keen and alert and above the average in intelligence. The record supports this finding.

It is contended further that the plea of guilty was not entered by appellant personally, but was entered by his attorney. This is without merit because it is contrary to the facts as shown by the record, a portion of which is quoted above, and the trial court so found.

■ Appellant's contentions that at the preliminary proceedings before the United States Commissioner and at the time of his plea of guilty he was not informed that he need not give testimony against himself, and further that at the time of his sentence he was not admonished by the court of the consequences of his plea of guilty, are without merit. The preliminary proceedings before the Commissioner were not mentioned at the time defendant pleaded guilty and were in no way involved in that proceeding. Furthermore, the record shows that appellant and his codefendant admitted they were the parties complained against, were advised of their right to counsel and to a hearing, and waived hearing. Appellant made no statement as to his guilt or innocence, and there is no indication that he was asked for any. He has never denied his identity at any time. At the time of sentence he was ably represented by competent and adequate counsel and had been brought before the court at his own request for the purpose of entering a plea of guilty to the charges in the indictment. He had made this request in writing six days before. After his plea of guilty and before the sentences were imposed, he was advised, as is shown by the portion of the record quoted above, as to the punish-ment. From his previous experience in court, he could hardly have failed to know what the consequences of his plea of guilty might be. In addition to this, the record shows that both Carl F. Jordan and William Sandoe Jordan, prior to the time appellant decided to appear in Waterloo, Iowa, for sentence on a plea of guilty, had discussed with appellant what the maximum sentences on the charges in the indictment could be and the possibility that the sentences on the several counts might run concurrently instead of consecutively, but told him that no assurance could be given.

■ Appellant may not in a proceeding on motion to vacate a judgment and sentence, raise the question of the admissibility of evidence against him in his previous trial, since such questions must be the subject of review on appeal. Wallace v. United States, 8 Cir., 174 F.2d 112. But since the appellant now complains that his counsel who represented him at the time he entered his plea of guilty were incompetent, and assigns as a reason for that charge against his former counsel that they did not appropriately raise the question whether evidence was obtained from him by illegal search and seizure of his person, we have examined the record and find both contentions without merit.

■ The record shows that appellant and his codefendant were lawfully arrested by police officers of the City of Cedar Rapids, Iowa, in a Montgomery Ward store, upon complaint by the manager of the store where appellant had just passed a forged money order. The search and seizure of which he complains were made by these officers, immediately upon and following the arrest, without any participation whatsoever by any Federal officers. Under these circumstances, any evidence secured by the police officers would not have been subject to a motion to suppress, even though the evidence was later turned over to Federal officers. Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372; Lotto v. United States, 8 Cir., 157 F.2d 623. Since this evidence was admissible, appellant's counsel may not be charged with malfeasance in not raising the question of its admissibility. Any con-

tradictions in the testimony given at the hearing on the motion to vacate were matters to be resolved by the trial court.

The order of the District Court denying appellant's motion to vacate the judgment and sentence should be and is affirmed.