Isaac BARBER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5201.

United States Court of Appeals
Tenth Circuit.

Nov. 10, 1955.

No appearance for appellant.

H. Dale Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by appellant Isaac Barber from an order of the District Court for the Western District of Oklahoma denying his motion filed pursuant to 28 U.S.C.A. § 2255, to vacate the judgment and sentence imposed upon him in the court and to permit him to withdraw his plea of guilty.

Appellant was indicted on January 6, 1947, on two counts under 12 U.S.C.A. § 588b(a), charged with robbery of a federally insured bank in Nardin, Oklahoma. He was arraigned before the late Judge Broaddus on May 6, 1947, at which time he entered pleas of guilty on both counts. Sentence was deferred until May 13, 1947, when he was given a sentence of twenty years imprisonment on the first count, and a five year suspended sentence on the second count. The sentence on the first count was subsequently reduced to fifteen years. Barber has been serving the sentence ever since in Federal prison.

His motion to vacate the sentence is predicated on the following grounds: (1) that the attorney who represented him was not of his own choosing; (2) that such counsel was incompetent and did not apprise him of his rights, so that his pleas were not intelligently entered; (3) that the court failed to inform him of his constitutional rights including the right to trial by jury; and (4) that he is innocent of the crimes to which he pleaded guilty and should be allowed a trial in which to present evidence to prove that innocence.

He complains that he was not given an opportunity to be present, to testify, and to offer evidence in support of his motion, and that it was error for the trial court in this case to overrule his motion without a hearing. It is clear from the reading of Section 2255 as well as from the decisions that a petitioner thereunder is not entitled to a formal hearing, to be present, and to offer testimony, unless the petition presents an issue of fact which if established shows a denial of constitutional rights.[1]

We think it is without dispute that appellant appeared in court in person and by counsel of his own choosing. There is certainly nothing in the record which shows that the counsel who appeared for him was court appointed. The substance of his complaint with respect to counsel is that he employed a Mr. Embry to represent him and that he was not in court; that the court permitted a substitute attorney to pretend to be representing him, without being in fact selected by him. The undisputed facts are that Embry and Sutton were partners in the practice of the law. It is without dispute that appellant appeared with Sutton and entered his pleas. He made no objection to representation by Mr. Sutton. The record is silent that he called the court's attention to the fact that Mr. Embry was not present and that he wanted to be represented by Embry rather than by Sutton.

The conclusive presumption from the undisputed record is that appellant appeared with Sutton and that Sutton represented him at the trial as his own selected lawyer. The record further shows that at the time he was sentenced on May 13, 1954, he appeared in person and by his Attorneys, Messrs. Sutton and Embry. Whether Embry was in fact present or not is immaterial and makes no difference so long as Sutton was there and represented him, without objection on his part.

Neither is appellant's contention that his counsel was incompetent and did

1. See United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263; 96 L.Ed. 232; Wheatley v. United States, 10 Cir., 198 F.2d 325.

not apprise him of his rights worthy of consideration. It has been held that one who has been convicted may not have the sentence entered against him set aside and his case tried over by claiming that the attorney whom he selected did not properly represent him.[2] In Moss v. Hunter, 10 Cir., 167 F.2d 683, 684, we said: "In sum, petitioner's complaint that he did not have adequate representation is based on his present belief that he was not competently and skillfully represented. But, one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness."

█ Neither did appellant's charge that the court did not advise him of his constitutional rights including the right to a trial by jury and to make a statement in his own behalf before sentence was imposed entitle him to relief, even if such were the facts. It is without dispute that at the time of his arraignment the trial judge asked him how he pleaded and that he answered guilty to each count. The judge then turned to his lawyer and asked, "Mr. Sutton, you have heard the statement of your client. From the advice he has given you and from your investigation, do you feel that is the proper plea for him to make in this case?" To this Mr. Sutton answered, "Yes, Sir." While it might have been better for the trial court, even under the circumstances of the case where the defendant appeared by counsel of his own selection, to inquire if he had been apprised of his constitutional rights, failure to do so does not constitute reversible error. A case in point is United States v. Sturm, 7 Cir., 180 F.2d 413, 416, where one who appeared by counsel of his own selection and entered a plea of guilty, subsequently sought to have it set aside because it was not voluntarily made but made under a misapprehension of his rights. The court said: "The conclusive answer to this is that defendant, when he signed waivers of indictment and venue, and at the time of his arraignment and plea of guilty, was represented by counsel of his own choice, presumably competent counsel, chargeable with knowledge of the rules of law of which the defendant now professes to have been ignorant. This circumstance, we think, compels us to reject the defendant's contention that his plea was not made voluntarily and with knowledge of his legal rights." What was said there applies with equal force to the contentions now being made.

█ Appellant's final contention that he was not guilty and if given an opportunity he would be able to establish his innocence is, of course, entitled to no consideration. That was a matter which should have been raised by appeal from the judgment of conviction and is not one that can be raised by motion under Section 2255.

A consideration of the entire record compels the conclusion there was not a single disputed issue of fact which required the trial court to hold a formal hearing, permit appellant to be present, and offer testimony, and that the motion was correctly decided.

Affirmed.

2. Alred v. United States, 4 Cir., 177 F.2d 193.