Herschel Quinton NUTT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7561.

United States Court of Appeals
Tenth Circuit.

July 17, 1964.

Certiorari Denied Nov. 9, 1964.

See 85 S.Ct. 203.

Paul R. McDaniel, Oklahoma City, Okl. (James L. Hall, Jr., Oklahoma City, Okl., on the brief), for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS and SETH, Circuit Judges, and ARRAJ, District Judge.

SETH, Circuit Judge.

This is an appeal in forma pauperis from a jury trial and conviction in the United States District Court for the Western District of Oklahoma on a three count information charging appellant with violation of 18 U.S.C. § 1708 (possession of stolen mail), and 18 U.S.C. § 495 (forgery to receive money from the United States and uttering and publishing such forged writing as true).

Appellant argues that the defense made by his retained attorney was so inadequate as to amount to a denial of his rights to representation by counsel. Appellant in his brief describes a series of incidents during the trial at which he states that his attorney did not take the proper action by way of objection, cross-examination, failure to move for a directed verdict or a new trial, and failure to request instructions. The record does not show that appellant at any time indicated to the trial court that he was dissatisfied with his attorney, or otherwise brought these matters he now raises to the attention of the court.

The general standard to be applied was stated by this court in Beckett v. Hudspeth, 131 F.2d 195 (10th Cir.), to be that the Sixth Amendment, in its guarantee of the assistance of counsel, means the assistance is to be effective, as distinguished from bad faith, sham, mere pretense, or lack of opportunity for conference and preparation. Moss v. Hunter, 167 F.2d 683 (10th Cir.); Hester v. United States, 303 F. 2d 47 (10th Cir.); Frand v. United States, 301 F.2d 102 (10th Cir.); Crum v. Hunter, 151 F.2d 359 (10th Cir.); Shepherd v. Hunter, 163 F.2d 872 (10th Cir.); Pierce v. Hudspeth, 126 F.2d 337 (10th Cir.); Merritt v. Hunter, 170 F.2d 739 (10th Cir.); Kinney v. United States, 177 F.2d 895 (10th Cir.). We recently considered the matter in Johnson v. United States, 333 F.2d 371 (10th Cir.).

We find nothing in the record as it is here presented to indicate that appellant's constitutional rights were violated.

Appellant's second major contention is that he was denied his right to a fair trial because, first, the trial judge failed to instruct the jury that testimony concerning appellant's prior criminal convictions could only be considered as affecting credibility. This has reference to a conviction for reckless driving and driving without a license which was brought out on direct examination of the accused, and it was referred to again on cross-examination, and also refers to evidence of several prior felony convictions which appellant brought out in his testimony on direct examination. Appellant argues that the evidence of prior convictions of an accused who has taken the stand in his own defense is generally limited to matters of credibility and the jury should be so instructed, but there were no such instructions given. The record shows that appellant's retained counsel requested no instructions and objected to none given, nor to the omission of instructions on any point. Appellant argues that although the record shows no objection to the omission of such an instruction, the error so affected the substantial rights of the appellant in the case under consideration as to warrant a reversal and a new trial under Rule 52(b) of the Federal Rules of Criminal Procedure.

In United States v. Pennix, 313 F. 2d 524 (4th Cir.), the court reversed because on cross-examination it was brought out that appellant had been arrested some thirty times. This testimony was developed in the cited case on cross-examination, and the testimony referred to the large number of arrests rather than convictions. No attempt was made to limit the testimony to convictions nor to correct such omission by instructions. The cited case is however not in point here where the accused brought out the facts complained of, and where the accused's counsel made no objections or requests for instructions under Rule 30 of the Rules of Criminal

Procedure. Appellant seems to be urging the rule that whatever the circumstances, if prior convictions are brought out about defendant-witness, it is reversible error if the trial court does not give specific instructions limiting consideration of the prior convictions to credibility. The cases cited by appellant do not support this result, and we are not prepared to so hold.

■ In Butler v. United States, 53 F.2d 800 (10th Cir.), one of the errors alleged was that there was evidence admitted concerning transactions other than those set out in the indictment, and the trial court did not charge the jury that such evidence should be considered only so far as it proved intent. The court said: "It would be enough to say that counsel requested no such charge at that time [the close of the trial], and took no exception to the court's failure to so charge." See also Berry v. United States, 271 F.2d 775 (5th Cir.). Also in Cleaver v. United States, 238 F.2d 766 (10th Cir.), we held that where evidence is admissible as to one of several defendants it generally must be received and then it becomes the duty of the others to submit instructions limiting its effect, citing Dauer v. United States, 189 F.2d 343 (10th Cir.). In the instant case no such instruction was given nor was it requested, and it is incumbent upon the accused to request such instruction. Troutman v. United States, 100 F.2d 628 (10th Cir.). We also said in Burns v. United States, 286 F.2d 152 (10th Cir.): "Rule 30, F.R.Crim.P., 18 U.S.C.A., requires that a party objecting to the instructions of the court to the jury state 'distinctly the matter to which he objects and the grounds of his objection.' We have repeatedly held that when there is failure to comply with this rule, no question concerning the instructions is preserved for review." Kitchens v. United States, 272 F.2d 757 (10th Cir.), cert. den. 362 U.S. 942, 80 S.Ct. 809, 4 L.Ed.2d 772.

We find no error on this point.

■ Appellant next argues that he was denied a fair trial because the trial judge failed to instruct the jury concerning affirmative defenses as to which evidence was received. Appellant argues that there is evidence that appellant won the Government check in a dice game, and even if he did endorse it, he believed he had the authority. Appellant relies on Griego v. United States, 298 F.2d 845 (10th Cir.), where the trial court by its instructions excluded a defense and it was held to be error to exclude from jury consideration any affirmative defense as to which evidence has been received. In the present case, the jury instructions did not go into appellant's theory of defense in any detail, but the element of lack of authority was referred to by the court. The trial court however did not exclude consideration of appellant's defense, and the instructions are not clearly wrong. As mentioned above the accused requested no instructions, and made no objections. There is no plain error. McMurray v. United States, 298 F.2d 619 (10th Cir.).

■ Appellant next argues that he was denied a fair trial because improper and inadmissible testimony was admitted on several occasions. The testimony referred to by appellant under this point was not objected to by the appellant's attorney. Moreland v. United States, 270 F.2d 887 (10th Cir.), holds that a failure to make proper and timely objection to the admission of evidence, or to move to strike it, after its admission, ordinarily constitutes a waiver of the right to object and cures the error, if any, resulting from its admission. O'Dell v. United States, 251 F.2d 704 (10th Cir.); Sandoval v. United States, 285 F.2d 605 (10th Cir.); Swift v. United States, 314 F.2d 860 (10th Cir.).

■ Appellant next argues that he was denied a fair trial because the cumulative effect of the aforementioned errors prejudiced and confused the jury. United States v. Cumberland, 200 F.2d 609 (3d Cir.), holds that under certain circumstances, the cumulative effect of

errors should be considered by the appellate court. It was said in Wright v. United States, 301 F.2d 412 (10th Cir.), that the entire record must be examined to see if there was prejudicial error. This includes both an evaluation as to particular errors and the cumulative effect of errors. The record here does not disclose particular error to require reversal nor an accumulation of factors which necessitate a reversal.

Affirmed.