William Van JENNINGS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7774.

United States Court of Appeals Tenth Circuit.

Dec. 15, 1964.

———◇———

Robert L. Wheeler, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying the motion of the appellant, William Van Jennings, filed pursuant to 28 U.S.C. § 2255, in which relief from a judgment and sentence was sought. Appellant was named in an indictment which charged him, with others, of conspiracy to receive, retain and conceal, and with receiving, retaining and concealing stolen United States money orders in violation of 18 U.S.C. §§ 371, 641.

After arrest appellant was represented by privately retained counsel, and upon arraignment pleaded not guilty to the two counts of the 15-count indictment in which he was named a defendant. Shortly thereafter appellant consulted with his co-defendants and notified the court that he desired to be re-arraigned. Later, on appearance before the court with his counsel, the not guilty plea was withdrawn and a plea of guilty entered. Thereafter sentences of five years on the conspiracy count and ten years on the substantive count were pronounced by the court, to run concurrently.

The substance of the allegations in the motion is that the judgment and sentence is invalid because the appellant was not properly represented by counsel, and that the plea of guilty resulted from representations of his attorney and promises of a postal inspector that upon a plea of guilty the sentences would not exceed three to five years. However, the record is entirely devoid of any evidence that the members of the firm of attorneys employed to represent the appellant did not represent him in an able and conscientious manner.[1] The attorney who appeared for the appellant, as well as a postal inspector, testified that they did not advise him that his sentence would be from three to five years on a plea of guilty. After a full hearing, the trial court found: (1) that appellant "was properly, effectively and ably represented at all stages by his privately retained counsel", and (2) that there was no evidence to support the allegation that any promises were made relating to the sentence which the court might impose and (3) that the plea of guilty was not the result of coercion. These findings are supported by substantial evidence. We

1. The general standard for representation of defendant in criminal cases by attorneys is discussed by this court in Nutt v. United States, 335 F.2d 817; Johnson v. United States, 333 F.2d 371; Barber v. United States, 227 F.2d 431; Moss v. Hunter, 167 F.2d 683, cert. denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, rehearing denied 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed. 390.

find nothing in the record here which indicates that prior to his plea of guilty, the constitutional rights of the appellant were transgressed.

Affirmed.