**David James ERICKSON, Petitioner,**

v.

**Charles MONTGOMERY, Respondent.**

**Civ. A. No. 78–K–1220.**

United States District Court,
D. Colorado.

Jan. 22, 1979.

Michael Gordon Katz, Asst. Federal Public Defender, Denver, Colo., for petitioner.

Joseph F. Dolan, U. S. Atty., Denver, Colo., for respondent.

## ORDER OF DISMISSAL

KANE, District Judge.

Petitioner Erickson filed this petition for a Writ of Habeas Corpus on November 20,

1978. He is presently confined at Safford Federal Prison Camp in Safford, Arizona. Respondent Montgomery filed a return on December 21, 1978 and a traverse to the return was filed by petitioner on January 12, 1979. The matter is now ready for disposition.

The defendant-petitioner, David James Erickson, was indicted on February 25, 1976, for distributing a quantity of cocaine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). The first trial, held on May 10, 1976, resulted in a hung jury and consequent declaration of mistrial. Following this first trial, petitioner filed a motion for the transcript and a motion to dismiss based upon a claim of entrapment. The court denied both motions. The second trial, which commenced on June 21, 1976, resulted in the petitioner's conviction as charged.

Petitioner appealed his conviction to the Tenth Circuit Court of Appeals, claiming that (1) the trial court committed reversible error in denying defendant's motion for a transcript of the trial record after the first trial had been declared a mistrial; and, that (2) the trial court erred in denying the appellant's motion to dismiss based upon the classification of cocaine as a narcotic drug. The court concluded, in *United States of America v. David James Erickson,* No. 76–1752 (10th Cir. Jan. 9, 1978) (Not for Routine Publication), that "there was no proper request for a transcript, and that the trial court did not commit error in denying the appellant's motion to dismiss based upon the classification of cocaine as a narcotic drug." Id. at 2. The conviction was affirmed. Petitioner subsequently applied for certiorari to the Supreme Court and certiorari was denied. 436 U.S. 947, 98 S.Ct. 2852, 56 L.Ed.2d 789 (1978).

The petitioner now raises four issues in his petition filed pursuant to Title 28, United States Code, § 2255:

1. Whether the trial court was in error in denying petitioner's motion for a transcript of the first trial;

2. Whether the court erred in denying petitioner's motion to dismiss based

upon unconstitutional classification of cocaine as a narcotic drug;

3. Whether petitioner was denied competent legal counsel;

4. Whether the principal witness at petitioner's trial committed perjury.

■ Both the first and second issues enumerated above were raised and rejected in petitioner's direct appeal to the Tenth Circuit Court of Appeals. They will not be reconsidered by this court on collateral attack. *Baca v. United States,* 383 F.2d 154 (10th Cir. 1967).

The third issue raised by petitioner is based on the contention that he was denied effective assistance of counsel. He has framed the issue as follows: (1) That he was denied effective assistance of counsel because his attorney "never made a proper request for a transcript for use in connection with a second trial." (2) That due to the lack of transcript, counsel was rendered ineffective during the second trial, i. e., that petitioner's attorney was unable to impeach Agent Lamberson, the government's key witness, on important points. Petitioner claims that his attorney was unable clearly to comprehend the agent's testimony and consequently was frustrated in his attempt to cross-examine the agent.

■ In *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the United States Supreme Court held that there is a constitutional right to a free copy of the first trial's transcript if (1) an indigent defendant sets forth the value of the transcript in connection with the appeal or trial for which it is sought, and (2) if the government does not satisfy the court that there are available alternative devices that would fulfill the same functions as a transcript. *See United States v. Jonas,* 540 F.2d 566 (7th Cir. 1976). Although it can generally be assumed in the case of a prior mistrial that a transcript will be valuable both as a discovery device and as a tool for the impeachment of prosecution witnesses, there is no presumption that such is the case. 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400. The federal courts have refused to

establish a *per se* rule that the government must provide a transcript following a mistrial in the absence of a showing as set forth in *Britt*. *United States v. Vandivere*, 579 F.2d 1240 (10th Cir. 1978); *United States v. Jonas, supra*. Since petitioner's attorney did not "tie" the necessity for the transcript of the first trial to his defense of defendant-petitioner in the second trial, the trial court's decision not to provide defendant-petitioner with a copy of said transcript was affirmed by the Tenth Circuit. No. 76–1752 at 3.

The real issue here is whether the attorney's failure to designate this particular need for the transcript of the first trial rendered his representation of defendant-petitioner ineffective within the meaning of the sixth amendment. In *Nutt v. United States*, 335 F.2d 817 (10th Cir. 1964), the Tenth Circuit held:

> The general standard to be applied was stated by this court in *Beckett v. Hudspeth*, 131 F.2d 195 (10th Cir.), to be that the Sixth Amendment, in its guarantee of the assistance of counsel, means the assistance is to be effective, as distinguished from bad faith, sham, mere pretense, or lack of opportunity for conference and preparation.

*Id.* at 818. *See* excellent discussion by Justice Robert F. Kane on effectiveness of counsel in *People v. Corona*, 80 Cal.App.3d 684, 145 Cal.Rptr. 894 (1978).

Although hindsight makes it clear that the transcript was needed for impeachment purposes in the second trial, it certainly does not follow that petitioner's attorney's decision not to specify those grounds in support of his motion was the result of "bad faith, sham, mere pretense, or lack of opportunity for conference and preparation." 335 F.2d at 818. There is nothing before this court to support the conclusion that such facts pervaded counsel's representation of petitioner at anytime in this case.

■ As fragile as the presumption is that witnesses will testify truthfully, one must assume that they will follow the tenets of the oath. At the time petitioner's attorney made his motion for the transcripts he had no reason to assume that the agent in question would change his testimony from the way he had testified in the previous trial or, worse, perjure himself. Had counsel suggested such to the court, his argument would certainly have been cut ever so short. To hold that petitioner was not afforded effective assistance of counsel on these grounds would require me to desecrate the meaning of the oath and render meaningless the premise upon which our system of justice has stood for over 700 years.

The final issue raised by petitioner is the alleged perjury of the government's key witness. Petitioner contends that the testimony of the agent at the second trial was totally inconsistent with the testimony given in the first trial and that said inconsistencies were the result of perjury.

■ Although transcripts of the first and second trials were available to defendant at the time he filed a direct appeal to the Tenth Circuit he failed to raise the issue of perjury anywhere therein. Since this alleged trial error could have been raised on appeal from the judgment of conviction, but was not, petitioner cannot now collaterally attack it under Section 2255. *United States v. Brest*, 266 F.2d 879 (3rd Cir. 1959). *See generally Kaufman v. United States*, 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Sunal v. Large, Superintendent, Federal Prison Camp*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947).

After careful consideration of all arguments set forth by petitioner in his petition and accompanying brief in support thereof, I find that nothing has been shown which would entitle the petitioner to have his sentence of two years imprisonment plus mandatory parole term of three years set aside under § 2255. Accordingly, this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255 is denied and this civil action and petition are hereby dismissed.