## Jackson v. Commonwealth.

(Decided October 5, 1926.)

### Appeal from Fulton Circuit Court.

1.  Homicide.—Failure to give instruction on law of voluntary manslaughter held error, in view of evidence in murder case.
2.  Criminal Law.—Trial court must instruct on all the law of the case whether asked or not.
3.  Criminal Law—Negro Defendant Held Entitled to Full and Fair Trial, Including Right to have Witnesses Present and Opportunity

to Consult with Counsel; that Being Included in Right to be Represented by Counsel.—Negro defendant in murder case, though undesirable citizen, held entitled to full and fair trial, including right to have witnesses present and opportunity to consult with counsel; such consultation being included in constitutional right to be represented by counsel.

McMURRY & McNEILL and E. J. STAHR for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The judgment of death from which this appeal is prosecuted by Eli Jackson was entered in the Fulton circuit court on an indictment accusing him of willful murder in the killing of Eli Flowers, another colored man. The homicide occurred December 26th, the indictment returned January 19th, and trial had January 23rd. Both negroes were employed on the levee at Hickman, and the facts surrounding the homicide indicate that the parties were of very low order, but as there must be another trial we will not go into a discussion of the facts. From the time of the homicide until the indictment was returned appellant was in jail. He had no attorney and was not able to employ one. On the return of the indictment he was brought into open court and the case set for trial on the following Saturday, but no counsel was assigned him nor was subpoena issued for his witnesses. Appellant was returned to jail. On Saturday he was brought into court and his case called for trial. A jury was placed in the box and yet he had no counsel. When the attention of the court was called to the fact that appellant had no counsel, two lawyers, members of that bar, were appointed to represent him. The court was waiting and gave them very limited time to prepare for trial, and in the brief time they had they entered a motion for a continuance and filed affidavit in support thereof. In their hurry the lawyers appointed did not get the affidavit in very good form, stating mostly conclusions instead of facts, but they manifested to the court the fact that they had just been appointed and had not had time to consult with appellant and learn the facts of his case; and further that there were two important witnesses whose names appear in the affidavit that were absent, and also that the killing was the result of self-defense on the part of appellant. This affidavit was filed in support

of the motion for continuance, but the motion was over-ruled. The jury was sworn and appellant tried with the results above stated.

The court gave an instruction upon the law of willful murder, self-defense and reasonable doubt. It also defined the words "malice aforethought, felonious, willful," etc., but did not give an instruction upon voluntary manslaughter. The defendant testified in substance when called in his own behalf that he and deceased had been in a fight the morning of the homicide and that the deceased had shot appellant and was, at the time of the firing of the fatal shot by appellant, attempting to inflict death or some other great bodily harm upon appellant and that appellant fired in order to save himself. Under such facts the court should have instructed the jury upon the law of "voluntary manslaughter," and its failure to do so was error, for it is the duty of the trial court in a criminal prosecution to give all the law of the case whether asked or not.

It may be that appellant, Jackson, was a shiftless negro and an undesirable citizen, but in a case of so serious a nature he is entitled to a full and fair trial, which included the right to have his witnesses present, as well as a fair opportunity to consult with his counsel and tell them the facts which form the basis of his defense, and give them the names of such witnesses as he may have and need. The constitutional guaranty that one shall have the right to be represented by counsel means nothing if it does not mean that he shall have reasonable time in which to state the facts of his case to counsel after they are employed or appointed, and to be advised.

For the reasons indicated the judgment is reversed for a trial not inconsistent with the views herein expressed.

Judgment reversed. Whole court sitting.