## Moore v. Commonwealth.

(Decided Sept. 24, 1935.)

438

SAMUEL M. ROSENSTEIN for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Ratliff—Reversing.

Paul Moore was convicted in the Franklin circuit court on a charge of robbery by the use of and display of a pistol, a deadly weapon, and sentenced to life imprisonment. His motion and grounds for a new trial consist of numerous items, but in brief for appellant his counsel concedes that the facts in the record are sufficient to sustain the conviction, if the court should be of the opinion that the indictment is not defective, the motion for continuance properly overruled, and the jury properly instructed on the entire law of the case.

Appellant was indicted under section 1159a, Kentucky Statutes (Baldwin's 1934 Supp.), which is known and referred to as the "armed robbery" statute, which in part reads:

"If any person shall commit acts of robbery, burglary as defined in Sections 1159 or 1159a, robbery of bank or safe, and in committing said act or acts shall use or display any pistol, gun or other firearms or deadly weapon of any character in so doing."

The objection urged to the indictment is that it merely charges that appellant committed the robbery "by the use or display of a pistol, a deadly weapon," without alleging that the pistol was loaded, or stating other facts to show that the pistol was a deadly weapon. In support of appellant's contention there are cited in

brief the cases of Skidmore v. State, 43 Tex. 93, and Key v. State, 12 Tex. App. 506, wherein the defendant was charged with having struck the prosecuting witness with a pistol, and it was held that there was no evidence as to the size and weight of the pistol, and it was necessary to show that death may have been produced by striking with the pistol.

We do not think that the facts in those cases come within the spirit and purpose of the Kentucky statutes under consideration, which prohibits the "use or display [of] any pistol, gun or other firearms." Under this statute, it is not necessary for the indictment to charge, or the commonwealth to prove that the pistol was loaded and in every respect capable of being used as a firearm. To so hold would render the statute a nullity, for the very obvious reason that the victim, or intended victim, of a robbery has no opportunity to examine a firearm to ascertain whether or not it is loaded. A person assaulted with a pistol has the right to assume that it is loaded and capable of producing death, and will not be required to subject himself to the danger of first endeavoring to ascertain those facts before yielding to the demands of the robber. There is no merit in the appellant's insistence on the demurrer to the indictment and same was properly overruled.

It is next insisted that the court erred in refusing a continuance of the case to a later day in the term, to give appellant and his attorneys time to prepare a defense. It appears that appellant was arrested and confined in jail soon after the commission of the offense charged and later indicted. He was not arraigned on the charge until January 21, 1934, the day the case was set for trial. The proceedings had, as set out in the bill of exceptions, are as follows:

"Be it remembered that heretofore, towit: On the 21st day of January, 1935, this action came on to be heard before the Hon. H. Church Ford, Judge of the Franklin circuit court, and a jury. On said date, without having previously notified the defendant that his case had been set for trial for that date, the Judge of the Franklin circuit court arraigned the defendant, Paul Moore, who entered a plea of not guilty. Thereupon the court inquired of said defendant as to whether he had an attorney

to represent him or was able to employ an attorney, and upon being advised by said defendant that he had no attorney and was without means to employ one, the court upon his own motion on said date of January 21, 1935, appointed John M. Bull, Jr., and Clyde E. Reed, both of Frankfort, Kentucky, as his attorneys to represent said defendant upon the trial of this action. Then came the said John M. Bull, Jr., and Clyde E. Reed, and moved the court for a continuance of said case on the ground that having just been appointed to represent said defendant, and not being familiar with the case, they had not had sufficient time to prepare a defense or any defense, and filed in support of said motion an affidavit in which it is stated that: 'On January 21, 1935, he was appointed by the court to represent the defendant in the above captioned case; that said case was already set for trial for January 21, 1935, and had been called for trial at the time of his appointment; that the offense charged was a serious charge, being punishable by death or life imprisonment, if convicted; that this affiant has had no opportunity to consult with the defendant relative to his defense, except about thirty minutes this morning, and that he has had no opportunity to have any witnesses subpoenaed for defendant or to consult with them relative to presenting a defense to this indictment,' and also filed in support of said motion for continuance an affidavit of the defendant, Paul Moore, in which he stated that he had been unable to employ an attorney to represent him in said case, and that at the time said case was called for trial he had no attorney to act in his behalf.''

In Cass v. Com., 236 Ky. 462, 33 S. W. (2d) 332, the indictment was returned against the accused on November 25th, and on the 26th he was brought into court. He waived arraignment and entered a plea of not guilty and the case was set for December 19th. When the case was called for trial on that day, counsel was appointed and the defendant forced to an immediate trial. On an appeal to this court we held that the court erred in not granting the request for a continuance, because counsel appointed had not had sufficient time to investi-

gate the facts of the case or otherwise prepare a defense.

In Smith v. Com., 133 Ky. 532, 118 S. W. 368, the accused was arraigned and his trial set four days later and the court appointed a member of the bar to defend him, and after a conference with the accused, counsel proceeded to try to get ready for trial within the given time. When the case was called for trial on the day fixed by the court, counsel informed the court that he was not ready for trial, because of the limited time in which he had to procure witnesses and prepare a defense, and the court overruled his motion for continuance and proceeded with the trial, resulting in a conviction. On an appeal to this court it was held that counsel for the accused should have had reasonable opportunity for conferring with his client and members of his family, reasonable time for looking up witnesses and ascertaining their testimony, and for making such further preparation as would secure for his client a fair and impartial trial.

In the case at bar appellant had not been notified that his trial was set for January 21st, and it is shown by his affidavit, which is uncontradicted, that he had no means to employ counsel and had been confined in jail, and had had no opportunity to prepare his defense. It is further shown by the record that counsel only had about thirty minutes to confer with appellant between the time of their appointment and the beginning of the trial. This court has reversed numerous cases because of insufficient time of counsel to investigate and prepare a defense in cases where they had more time and opportunity to prepare a defense than was given in the instant case. Jackson v. Com., 215 Ky. 800, 287 S. W. 17; Mitchell v. Com., 225 Ky. 83, 7 S. W. (2d) 823; Fugate v. Com., 254 Ky. 663, 72 S. W. (2d) 47.

Many other cases could be cited dealing with this question, but the facts of this record, measured by the cases cited herein, impel us to the conclusion that the court erred in failing to allow appellant and his counsel further time and opportunity to prepare his defense.

It is next insisted that the court failed to properly instruct the jury upon the question of the pistol being a deadly weapon. The jury was instructed, in substance, that if it believed from the evidence that the

appellant did unlawfully, feloniously, and by putting M. T. Smithson in fear of bodily harm by the use and display of a pistol, a deadly weapon, they would find him guilty, etc. The objection urged to the instruction is that it failed to require the jury to believe that the pistol was loaded, or other facts tending to show that it was a deadly weapon. The reason for our conclusions reached on the demurrer to the indictment is also applicable to the instructions. We think the instruction covers the law of the case as intended by the statute. If a robbery is committed by putting one in fear of bodily harm by the use or display of a pistol or other firearm, it is immaterial whether or not the pistol is loaded or unloaded. We therefore conclude that the instruction was proper.

Wherefore, the judgment is reversed and cause remanded for further proceedings consistent herewith.