## Sharp v. Commonwealth.

(Decided Jan. 15, 1937.)

WILLIAM LEWIS & SON for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Loyd Sharp has appealed from a life sentence imposed on him for robbery accomplished by the use of firearms.

By section 1159, Ky. Stats., the punishment for robbery has for years been fixed at confinement in the penitentiary from two to ten years.

In 1904 the General Assembly fixed the punishment for robbing a bank at from two to twenty years. See chapter 43, Acts 1904, sec. 1159a, Ky. Stats.

In 1934, the General Assembly provided by chapter 52, Acts 1934 (section 1159a Ky. Stats.), that where either of the two above-mentioned forms of robbery was accomplished by the use of firearms or other deadly weapons, the convicted perpetrator should be punished by death or life imprisonment in the discretion of the jury.

On the night of November 23, 1934, some one robbed and shot up a restaurant and tourist camp, about ten miles south of London and known as "Uncle Tom's Cabin." The appellant was identified as one of the robbers and his indictment and conviction followed.

This indictment in apt words charged appellant with robbery by the use of firearms. This is now recognized as a more grievous offense than a robbery without the use of deadly weapons and one convicted thereof may be more severely punished. See chapter 52, Acts 1934, sec. 1159a, Ky. Stats. Fry v. Com., 259 Ky. 337,

82 S. W. (2d) 431; Moore v. Com., 260 Ky. 437, 86 S. W. (2d) 145; Allen v. Com., 262 Ky. 530, 90 S. W. (2d) 726; and 54 CJ. p. 1031, sec. 65.

The jury believed the testimony of the occupants of the restaurant rather than the appellant's alibi

We find no merit in any of the grounds urged for reversal, and the judgment is affirmed.