## BURKS v. COMMONWEALTH et al.

Court of Appeals of Kentucky.
June 19, 1953.

Henry Clay Burks, pro se.

J. D. Buckman, Jr., Atty. Gen., and W. Owen Keller, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

We have another case in which a prisoner in the LaGrange Reformatory is ostensibly practicing his own case in seeking release upon habeas corpus. The case is prepared in the same style and pattern as other cases by someone who is not a lawyer and one who has a muddled conception of certain constitutional rights of a citizen charged with crime. The rambling and indefinite petition and briefs in the instant case, like in the others, make it almost impossible to find any specific point upon which the right claimed rests. We may observe here for the benefit of the pseudo lawyer that the courts are presumed to know the elementary principles of due process of law and the supremacy of the Constitution and laws of the United States, and that it is not necessary to quote extensively many cases defining them.

The petition is a conglomerated effort to plead facts and law. It alleges that the petitioner, Henry Clay Burks, is confined in prison under an "illegal, invalid, void and unauthorized mittimus-committment issued under color of authority by the unlawful action of the Jefferson Circuit Court, Criminal Division, at the January term 1949" under a judgment "purporting to charge" him with violating KRS 433.140, which prescribes the penalty for armed robbery. But no copy of the judgment is filed. The petitioner further charges that the court was without jurisdiction and had deprived him of his rights under the Equal Protection and Due Process clauses of the 14th Amendment to the United States Constitution and that there was no legally "constituted indictment" of a grand jury. The petitioner seems also to raise the question of the constitutionality of KRS 433.140. The trial court sustained a demurrer to the petition. We summarily dispose of what seems to be the argument.

The rule that a court, upon request, should file a statement of separation

of law and facts does not apply in a criminal case. All that is embraced in the order sustaining the demurrer to the petition, which a court may do in a habeas corpus proceeding if the petition does not show a right to the writ. Harrod v. Whaley, Ky., 239 S.W.2d 480.

■ We may not consider the appellant's argument that Harrod v. Commonwealth, Ky., 253 S.W.2d 574, is unsound in holding that an indictment returned after the time fixed by the statute had expired was merely voidable and not void ab initio, because we are not advised anywhere in this record of the circumstances under which the indictment of the petitioner was found. It is presumed to have been regularly and validly returned.

■ The petitioner argues the trial court denied him the benefit of due process of law in failing to rule upon the constitutionality of the statute. The ruling on its constitutionality is implict in the order sustaining a demurrer to the petition.

■ The petitioner attacks the constitutionality of KRS 433.140 on the ground that it is too indefinite because (a) it does not define "robbery", and (b) adopts by reference the preceding Section 433.130, which defines the crime of burglarizing a bank or safe. KRS 433.140 reads:

"Armed robbery or burglary. Any person who commits robbery or burglary or any act penalized by KRS 433.130, and in committing the act uses or displays any pistol, gun or other firearm or deadly weapon shall be punished by confinement in the penitentiary for life, or by death."

The section does not adopt by reference the definition of the crime described in KRS 433.130. It merely fixes the penalty for that crime and for robbery when a deadly weapon is used. It was not necessary that the statute define robbery.

■ Robbery is a common law crime and recourse is had to the common law for its definition. It is that of feloniously and forcibly taking from the person of another goods or money by violence or by putting him in fear. Commonwealth v. Prewitt, 82 Ky. 240. The common law is in force in Kentucky except as it has been modified by the Constitution, a statute or by judicial decisions or public policy. Constitution, Sec. 233; Commonwealth v. Donoghue, 250 Ky. 343, 63 S.W.2d 3, 89 A.L.R. 819. We suppose from the beginning this state has had a statute fixing the punishment for the crime without ever having defined it. At various times the Legislature, by separate enactments, increased the penalties for burglarizing or robbing a bank and for robbery where a firearm or other deadly weapon was used. Sharp v. Commonwealth, 266 Ky. 850, 100 S.W.2d 817. A more serious crime is committed when a deadly weapon is used in accomplishing robbery than otherwise, for the life of the victim is imperiled, and it demands a severer punishment. Statutes prescribing an increased penalty merely create a classification of the existing crime of robbery and do not modify the common law crime except in respect to the punishment to be imposed. 77 C.J.S., Robbery § 28. The statute is constitutional. Fry v. Commonwealth, 259 Ky. 337, 82 S.W.2d 431.

The judgment is affirmed.