Jack Haney Turner

*v.*

State of Tennessee

(*Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

Clarence M. Beaty, Jr., Nashville, for plaintiff in error.

Nat Tipton, Advocate General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant was indicted and convicted of armed robbery and his punishment fixed at life imprisonment, and this appeal in error resulted.

The proof shows that defendant held up a grocery in East Nashville, and according to the proprietor obtained about $130 from him. He is positively identified by both the proprietor and his daughter, who was present. The sawed-off shotgun was found in the possession of the defendant two days later and he made a confession admitting his guilt to police officers.

He denies having held up this store and insists that his confession was extorted from him.

It seems that on the trial of the case the defendant more or less abandoned the insistence that he was forced to confess the crime. His principal complaint here is that the trial court erred in excluding evidence on his part tending to show that the shotgun with which he was armed would not shoot, and in permitting the State to show it would shoot.

The trial court took the position that it became immaterial whether or not this gun would shoot and excluded this evidence. We find no error in this.

The authorities generally hold that whether the weapon was incapable of being discharged was irrelevant, as it was in the case of *Moore v. Commonwealth,* 260 Ky. 437, 86 S.W.2d 145, 146. The annotation to 74 A.L.R. 1209, fully covers this subject. The annotation discloses that with the exception of Wisconsin every State, which has passed upon the question, has held that whether a deadly weapon is capable of being shot is immaterial where the prosecution is for robbery with a deadly or dangerous weapon.

It was said in *Moore v. Commonwealth, supra:*

"Under this statute, it is not necessary for the indictment to charge, or the commonwealth to prove, that the pistol was loaded and in every respect capable of being used as a firearm. To so hold would render the statute a nullity, for the very obvious reason that the victim, or intended victim, of a robbery has no opportunity to examine a firearm to ascertain whether or not it is loaded. A person assaulted with a pistol has the right to assume that it is loaded and capable of producing death, and will not be required to subject himself to the danger of first endeavoring to ascertain those facts before yielding to the demands of the robber."

We think the reasoning in the above quotation applies equally to an unloaded shotgun.

In our very recent case of *Cooper v. State,* 201 Tenn. 149, 297 S.W.2d 75, 78, the instrument there used was a toy pistol, and the Court modified the thirty year term in the penitentiary fixed by the jury and set aside and the case was remanded for the fixing by the jury of some term of confinement in the penitentiary of not more than fifteen

years, which is the punishment prescribed for robbery from the person. The Court in that case came to the conclusion that a toy pistol was not a deadly weapon as contemplated by our statute. A toy pistol is very much different from a sawed-off shotgun.

In *Cooper v. State, supra,* it is said:

"It is the conclusion of this Court that the use of a toy pistol in the accomplishment of a robbery does not come within Chapter 72 of the Public Acts of 1955 providing punishment by death or imprisonment for the term of years mentioned therein when the robbery "be accomplished by the use of a deadly weapon".

"Reference has been made to the Wisconsin case of *Luitze v. State, supra* (204 Wis. 78, 234 N.W. 382, 74 A.L.R. 1202), wherein it was held that an unloaded, but real, pistol cannot be regarded as a dangerous weapon within the meaning of the armed robbery statute. In this connection, the Court thinks it proper to say that our holding in this toy pistol case is not to be construed as meaning that an unloaded, but actual, pistol does not fall within the 1955 robbery statute amendment. That question will be decided if, and when it should arise."

█ It is sufficient to say that in the case now being considered, we are of the opinion that the sawed-off shotgun is a deadly weapon within the meaning of the 1955 amendment, and this would be so even though the gun were unloaded.

It results that we find no error in the judgment of the Court below and it is affirmed.