**Charles CORRELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

Parker W. Duncan, Bowling Green, James G. Begley, Danville, Grannis Bach, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., J. Douglas Graham, Commonwealth's Atty., Campton, for appellee.

WADDILL, Commissioner.

Appellant, Charles Correll, was convicted of the crime of robbery and was sentenced to prison for a term of two years. The Attorney General concedes that the proof in the case does not support appellant's conviction of the crime of robbery.

The evidence reveals that during July, 1955, appellant went to Breathitt County to purchase logs for his employer, the Cramer Veneering Company. While there, appellant and the prosecuting witness, James Hudson, entered into an oral agreement concerning certain logs which Hudson owned. Hudson testified that he agreed to sell his logs to the Cramer Veneering Company on the condition that he receive payment prior to the time the logs were shipped to the company. Although this condition was not complied with, the logs were loaded upon a railroad car by Hudson's son. A bill of lading was issued by the railroad company to James Hudson showing receipt of the logs for delivery to the Cramer Veneering Company.

Shortly after the logs were shipped, the Cramer Company became insolvent, and Hudson did not receive payment for his logs. As a consequence thereof, appellant was indicted for robbery.

In Kentucky, robbery is a common law offense, denounced but not defined by Statute. KRS 433.120; Roberson's New Kentucky Criminal Law, Section 601, page 806. However, robbery has been consistently defined by our Court as "the act of feloniously and forcibly taking from the person of another, goods or money by violence or by putting him in fear." Burks v. Commonwealth, Ky., 259 S.W.2d 68, 70; Armstrong v. Commonwealth, 190 Ky. 217, 227 S.W. 162; Roberson's New Kentucky Criminal Law, Section 601, page 806. Taking property from another by stealth, trick, artifice or fraud is not robbery in the absence of force or circumstances calculated to produce fear. 46 Am.Jur., Robbery, Section 20, page 149.

Inasmuch as the proof in this case did not establish that appellant took Hudson's property by the use of force or by intimidation, but by consent, the Commonwealth failed to prove an essential element of the ·crime of robbery. Therefore, the Court should have sustained appellant's motion for a directed verdict of acquittal.

The judgment is reversed, with directions to set it aside and to grant appellant a ·new trial.