**Danny L. HEMPHILL, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

July 1, 1975.

Certiorari Denied by Supreme Court Sept. 2, 1975.

Richard Korsakov, Chattanooga, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, Stephen M. Bevil and David H. Rotroff, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

Represented in the trial court and here by appointed counsel, Hemphill has perfected an appeal in the nature of a writ of error to this Court contesting his armed robbery conviction, for which he was sentenced to imprisonment in the penitentiary for 10 years. (TCA § 39-3901.)

■ All of the defendant's Assignments of Error challenge the sufficiency of the evidence. He also asserts in particular that there was no competent evidence from which the jury could find that the robber used a deadly weapon. We summarize the material evidence.

Shortly before 5:00 a. m. on October 19, 1973, Charlie Bell, who knew the defendant, was standing on a street corner in Chattanooga waiting for his usual cab ride to work. A car containing two men drove past him three times, and on the fourth trip stopped in front of him. One of the men was the defendant and the other one, whom Bell did not know, was called "Mickey" by the defendant. The defendant pulled a gun on Bell and forced him into the car, and the three then drove to a railroad underpass where the defendant held the gun on Bell and threatened repeatedly to kill him and took his wallet containing $40, his cigarettes, a tobacco pouch containing various papers and pictures, and his keys.

They then drove to Bell's house after ascertaining its location from him. Bell's wife and small daughter were there. Leav-

ing Bell in the car and instructing Mickey to kill him if he tried to get out, the defendant went to Bell's house and tried to unlock the door with the keys he had taken from him. Leaving the car, Bell ran to his front porch and told the defendant he did not intend to let him kill his wife and daughter. The defendant fled to the car when Bell's wife turned the porch light on and opened the door and he asked her to get his gun for him. The defendant and Mickey drove away and Mrs. Bell went across the street and called the police. Bell made a positive in-court identification of the defendant as the man who robbed him. He said that although he could not be sure about the caliber of the defendant's gun, he was positive that it was a real gun and not a toy or blank gun.

Quoting approvingly from *Moore v. Commonwealth*, 260 Ky. 437, 86 S.W.2d 145, 146, our Supreme Court said in *Turner v. State*, 201 Tenn. 562, 300 S.W.2d 920:

"Under this statute, it is not necessary for the indictment to charge, or the commonwealth to prove, that the pistol was loaded and in every respect capable of being used as a firearm. To so hold would render the statute a nullity, for the very obvious reason that the victim, or intended victim, of a robbery has no opportunity to examine a firearm to ascertain whether or not it is loaded. A person assaulted with a pistol has the right to assume that it is loaded and capable of producing death, and will not be required to subject himself to the danger of first endeavoring to ascertain those facts before yielding to the demands of the robber."

See also: *Campbell v. State*, 3 Tenn.Cr. App. 556, 464 S.W.2d 334 (1971).

In *James Henry Ford v. State* (unpublished opinion filed at Nashville June 9, 1972, cert. den. September 18, 1972), this Court said:

"On this issue, . . . we hold that when a robbery is committed by the use of a pistol, and nothing appears indicating affirmatively that it was a toy or would fire only blanks, and it appeared to be a real pistol and was used as a real pistol to put the victim in fear of being shot so as to accomplish a robber's purpose, such a pistol is officially shown to be a deadly weapon to support a conviction for armed robbery. To put the burden upon the State to positively prove that a pistol so used was not a blank or a toy pistol is unrealistic and unreasonable. The fact that the pistol was displayed and appeared to be real and was thus used to effect a forcible robbery is strong and sufficient prima facie evidence of its deadliness. If the robber is to rely upon the theory that he robbed with a toy pistol, he must carry the burden of proving his theory."

In the case at hand, no evidence was presented that a toy pistol was used to effect the robbery.

The defense was alibi. The defendant testified he was working the night shift at his place of employment at that time; that after getting off from work about midnight, he and a co-worker, Jerry Martin, had gone out drinking; that Martin took him home about 3:00 a. m. on 19 October 1973 and his sister Gloria unlocked the door and let him in and he went to bed and did not awaken until noon and did not leave the house until he went to work about 2:45 that afternoon; that he had known Bell since the early part of 1973 and did not rob him and had no reason to do so because he had just gotten paid and also because Bell had given him money for the asking at other times; and that he did not own and did not have access to a pistol.

The defendant's mother and sister testified he came home around 3:00 a. m. and awoke about noon. However, they also testified that everyone was asleep between 5:00 and 7:00 a. m. that day and, therefore, they could not testify to his whereabouts during that period of time. Jerry Martin testified he was with the defendant that night and let him off at his home at 3:00 a. m.

The defense of alibi presented an issue of fact determinable by the jury, as the exclusive judges of the credibility of the witnesses testifying in support of that defense and of the weight to be given their testimony. *Jones v. State*, 2 Tenn.Cr.App. 160, 452 S.W.2d 365, and authorities therein cited. By its verdict the jury rejected the defendant's alibi, and upon this record we cannot say that the evidence preponderated against the jury's decision upon that issue.

In reviewing and considering the evidence in criminal cases when its sufficiency is challenged upon appeal, we are bound to adhere to the time-honored and well-known rules reiterated time and time again by our Supreme Court and by this Court. *Webster v. State*, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; *McGill v. State*, 4 Tenn.Cr.App. 710, 475 S.W.2d 223. Applying those historic principles in this case, clearly we cannot say that the jury misjudged the credibility of the witnesses and erroneously assessed the value of their testimony. The defendant has failed to carry the burden he assumed of demonstrating in this Court that the evidence preponderates against the verdict and in favor of his innocence.

Affirmed.

MITCHELL, J., and JOE D. DUNCAN, Special Judge, concur.