IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## STATE OF TENNESSEE v. JAMES MARIO STARNES

**Direct Appeal from the Circuit Court for Bedford County
No. 14427      Charles Lee, Judge**

_____

**No. M2002-01450-CCA-R3-CD - Filed March 13, 2003**

_____

The Appellant, James Mario Starnes, was indicted by the Bedford County Grand Jury for first degree murder and especially aggravated robbery. Starnes pled guilty to attempted second degree murder and especially aggravated robbery. Following a sentencing hearing, Starnes received concurrent sentences of ten years, nine months for attempted second degree murder and twenty-five years for especially aggravated robbery. Starnes now appeals his especially aggravated robbery conviction, contending that the evidence is insufficient to establish his guilt for that offense. Because the error complained of was waived as a matter of law by Starnes' plea of guilty, this issue is not reviewable upon direct appeal. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Larry F. Wallace, Jr., Shelbyville, Tennessee, (on appeal) for the Appellant, James Mario Starnes.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; William Michael McCown, District Attorney General; and Michael Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural Background**

Due to the nature of this appeal, the guilty plea acceptance hearing was the only proceeding in which any facts relevant to the issue presented were developed. At this hearing, the prosecutor and defense counsel recited the following facts supporting the factual basis for the pleas:

PROSECUTOR: Your Honor, on August 20th, 1998, the defendant as well as Leon Terrell Phillips entered Prime Steakhouse here in Shelbyville; robbed them of the money bag. Fairly large amount of money, well over $500. They did so while this defendant was armed with a firearm.

As they were leaving, after having obtained the money, as the proprietor Mr. Bill Katisis is his name, as they were leaving they shot him or not they. This defendant shot him, and he was gravely injured. It is a miracle that he lived. He was in the hospital for extended period of time. Astronomical medical bills and very seriously injured.

DEFENSE COUNSEL: The proof would further show after the money was obtained and started out the door the proprietor followed - - Mr. Starnes wants this on the record – to the door in an effort to try to retrieve the money. At that point there was some small struggle. I think the gun went off. This is when he was shot.

PROSECUTOR: The defendant did make a statement to this.

DEFENSE COUNSEL: That's correct.

THE COURT: Mr. Starnes, you heard what the State said they are prepared to prove. Is that what happened?

THE DEFENDANT: Yes, sir.

The Appellant's sentencing hearing was conducted on February 18, 1999, at which time sentences were imposed and the judgments of conviction were entered. A document in the record indicates that on January 8, 2001, the Appellant filed a notice of appeal. The record of the proceedings in the trial court ends at this point.[1] The record does include an order by the trial court granting the Appellant a delayed appeal. The order provides:

This matter was heard on the 13th day of May, 2002 upon the defendant's petition for post conviction relief. By agreement of the parties it appears as the defendant is entitled to a delayed appeal pursuant to T.C.A. 40-30-213. Therefore, the defendant is hereby granted a delayed appeal regarding any and all sentencing issues in this matter.

This appeal followed.

---

[1] It is the responsibility of the Appellant to prepare a record which conveys a complete account of what transpired with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b). Failure to do so may result in waiver of the issue on appeal. *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993).

## Analysis

Notwithstanding the trial court's order properly granting the Appellant a direct appeal "regarding any and all sentencing issues," the Appellant challenges the factual sufficiency of his conviction for especially aggravated robbery. Relying upon *State v. Owens*, 20 S.W.3d 634 (Tenn. 2000), he contends that "the taking had already occurred and . . . was completed when the proprietor was shot." Thus, he argues that, because the use of violence or fear did not precede or occur concomitantly or contemporaneously with the taking, he is at best guilty of only aggravated robbery.

A guilty plea conviction is based entirely upon the plea, and the plea constitutes a conviction in and of itself and is conclusive. *Beaty v. Neil*, 467 S.W.2d 844, 847 (Tenn. Crim. App. 1971). As a general rule, an accused who enters a plea of guilty to a criminal offense waives the right to appeal. *Hobbs v. State* 73 S.W.3d 155, 158 (Tenn. Crim. App. 2001). This rule is subject to a limited number of narrowly defined exceptions. Tenn. R. App. P. 3(b)(2) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: . . .
>
> (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.

*See also* Tenn. R. Criminal P. 37(b). The Appellant's appeal does not fall within any exception. The Appellant's guilty plea in this case was an "open" plea, as provided by Rule 11(e)(1)(B) of the Tennessee Rules Criminal Procedure. As such, the issue presented was waived as a matter of law.[2]

A plea of guilty, which is entered voluntarily, knowingly, and intelligently, waives all prior non-jurisdictional, procedural, and constitutional defects in the proceedings. *State v. McKissack*, 917 S.W.2d 714, 716 (Tenn. Crim. App. 1995). In this case, the Appellant does not challenge the voluntariness of his guilty plea, and there is nothing in the record to support a conclusion that the

---

[2] As noted by the trial court's order, issues related to the Appellant's sentencing were reviewable on direct appeal.

plea was not voluntarily and knowingly entered.  He raises only a sufficiency of the evidence argument; however, that issue was waived by his plea of guilty.  Because there is no authority for this appeal, the appeal is dismissed.

_____

DAVID G. HAYES, JUDGE